WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| German Zuniga-Hurtado aka Herman Zuniga,<br><br>Petitioner,<br><br>v.<br><br>Eric H. Holder, Jr., Attorney General,<br><br>Respondent. | No. CV-12-01927-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Petitioner German Zuniga–Hurtado's Motion to Amend Judgment pursuant to Rule 52(b), or in the alternative, Motion for a New Trial pursuant to Rule 59. (Doc. 114.) For the reasons discussed below, Petitioner's Motion is denied.

Motions under Rule 52(b) are designed to correct findings of fact which are central to the ultimate decision; the Rule is not intended to serve as a vehicle for a rehearing. *ATS Prods. Inc. v. Ghiorso*, No. C10-4880 BZ, 2012 WL 1067547 at \*1 (N.D. Cal. Mar. 28, 2012); *Davis v. Mathews,* 450 F.Supp. 308, 318 (E.D. Cal. 1978). They are granted to correct manifest errors of law or fact or to address newly discovered evidence or intervening case law. *Ghiorso*, 2012 WL 1067547 at \*1. A motion to amend cannot be used to "introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). Furthermore, a motion to

amend is properly denied where the proposed ground would not affect the outcome of the case or is immaterial to the court's conclusions. *Weyerhaeuser Co. v. Atropos Island,* 777 F.2d 1344, 1352 (9th Cir. 1985).

Similarly, motions for a new trial under Rule 59 are granted only for (1) manifest error of law, (2) manifest error of fact, or (3) newly discovered evidence. *Brown v. Wright*, 588 F.2d 708 (9th Cir. 1978) (citing 6A *Moore's Federal Practice* § 59.07 at 59–94). In addition, "[h]armless errors encountered during the course of a proceeding are not proper grounds for new trial or amendment of a judgment." *Rygg v. Cnty. of Maui*, 122 F. Supp. 2d 1140, 1158 (D. Haw. 2000).

As an initial matter, Petitioner's premise for the Motion is incorrect. Petitioner bases his argument on two assertions: (1) he presented credible evidence that his mother had the requisite five-year presence in the United States from which he acquired citizenship, and (2) Respondent's evidence was insufficient to rebut this showing. However, as stated in the Court's Order of May 1, 2013, Petitioner failed to present credible evidence that his mother was in the United States for a five-year period between 1936 and 1961. (Doc. 112 at 6.) Petitioner's evidence consisted of vague memories from his mother's children that in no way established a definitive five-year presence in the country. (*Id.*) While Maria Magana testified that, in her recollection, the time her mother spent in the United States "had to be more than five years," she did not support this assertion with any specific dates or personal memories. (Doc. 107 at 67:11–17.) Indeed, as Magana herself testified, any specific dates that would have supported this time span would have been hearsay, as they were told to her by her father, (*id.* at 63:8–16), and she was born in 1959, only two years before Petitioner was born, so she would have been incapable of summoning memories that her mother spent a total of five years in the United States by 1961, (*id.* at 51:19–20).

Petitioner's other arguments are similarly unavailing. Petitioner first appears to argue that the handwritten statements in Jorge and Ruben Hurtado Zuniga's naturalization applications lacked foundation because no witness was able to identify

who made them. However, Respondent introduced the applications as business records, and established through Charles Berkley Harrell that the applications were made in the regular course of business. Petitioner objects that no evidence was introduced as to the writer of the handwritten notations at the end of the application. (Doc. 114 at 4.) Harrell testified that the handwritten notations on applications were the "standard practice and policy of adjudicators" and that the markings on the applications in question were made by the officer who conducted the interview. (Tr. at 108:4–13.) This is sufficient foundation for the handwritten statements.

Petitioner further argues that Harrell should not have been allowed to testify at all because Respondent failed to disclose him as a witness under Rule 26. Rule 26 requires each party to disclose the identities of individuals likely to have discoverable information on the basis of the information reasonably available to each party at the time. Fed. R. Civ. P. 26(a)(1)(E). At trial, Respondent indicated that Harrell only came to its attention during the litigation subsequent to Petitioner's subpoena. (Tr. at 94:24–95:2.) Furthermore, it is undisputed that Harrell was deposed and subject to cross-examination. (*Id.* at 95:3–7.) As such, the Court's decision to allow Harrell to testify was not a manifest error of law.

Petitioner also argues that this Court gave "more weight to the statements [in the applications] than those statements were due" because neither of them "established that Maria Hurtado Zuniga was *exclusively* in Mexico from 1932 to 1967." (Doc. 114 at 5.) Petitioner confuses the burden of proof. It is Petitioner's burden to prove his citizenship by a preponderance of the evidence. It is not Respondent's burden to prove that Petitioner's mother spent the entire period between 1932 to 1967 outside of the United States, nor is this fact relevant to the inquiry—the only relevant fact is whether Petitioner's mother spent a total of five years in the United States during that time span.

Petitioner asserts that the fact of his siblings' naturalization does not lead logically to the conclusion that they could not have acquired citizenship through their mother. However, as stated in this Court's previous Order, testimony at trial established that a

naturalization application cannot be granted if the applicant's mother had the requisite physical presence to transmit citizenship. (Doc. 112 at 5.) Petitioner's assertion is simply incorrect. Petitioner also claims that his siblings and parents did not know there was an option to acquire citizenship through their mother. However, as established through testimony at trial, Petitioner's siblings stated on their naturalization applications that their mother was born in California, and any immigration adjudicator would, upon seeing this fact, "have had a fiduciary responsibility to ask the question of how long the mother resided in the United States in order to determine if the person was already a citizen." (Tr. at 113:22–114:1.) Petitioner's siblings' ignorance of the possibility of becoming a citizen through their mother's citizenship is therefore not persuasive.

Petitioner finally argues that the Court erred in failing to allow him to object to designated deposition testimony included in the Proposed Final Pretrial Order. (Doc. 114 at 7.) Even if this were a valid or meritorious argument to be made at this stage, the Court's previous Order did not rely on any of the designated deposition testimony; rather, it focused on the testimony at trial and on the parties' post-trial briefing. Any error on this ground is therefore harmless.

**IT IS THEREFORE ORDERED** that Petitioner German Zuniga–Hurtado's Motion to Amend Judgment, or, in the alternative, Motion for a New Trial (Doc. 114) is **DENIED**.

Dated this 24th day of July, 2013.

/G. Murray Snow
United States District Judge